**IN THE UNITED STATES DISTRICT COURT FOR THE
NOTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | |
|---|---|
| CHARLES HAMILTON WARD, ) | |
| ) | |
| Claimant, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 4:18-CV-01455-KOB |
| ANDREW SAUL, ) | |
| ACTING COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This Social Security matter comes before the court on the "Commissioner's Motion to Dismiss Plaintiff's Complaint with Supporting Memorandum of Law." (Doc. 6). The Commissioner contends that Mr. Ward failed to exhaust his administrative remedies and has no "final decision . . . made after a hearing" to seek judicial review under 42 U.S.C. § 405(g). Mr. Ward filed a response arguing that the Appeals Council's denial of his request for a review of the ALJ's dismissal of his request for a hearing is a final decision giving this court subject matter jurisdiction over this matter. (Doc. 8).

The motion is now ripe for review. For the following reasons, the court finds that it has subject matter jurisdiction over this matter and will DENY the motion to dismiss (Doc. 6).

**I. BACKGROUND**

An Administrative Law Judge granted Mr. Ward's claim for benefits under Title XVI of the Social Security Act on February 27, 2013 because of his severe back impairments and generalized anxiety disorder. (Docs. 6 & 8-1). Mr. Ward developed cancer and received radiation

1

treatments throughout 2015 and 2016. As of August 7, 2018, his cancer was in remission, but Mr. Ward suffers from a serious left jaw condition caused by his radiation treatments. (Doc. 8-1).

On April 19, 2017, the Social Security Administration concluded that Mr. Ward was no longer eligible for Title XVI disability benefits after a continuing disability review. (Doc. 6 at 2). Mr. Ward requested reconsideration, and a Disability Hearing Officer upheld the unfavorable determination on September 22, 2017 and concluded that Mr. Ward's disability had ended in April of 2017. (*Id.* at 3).

Mr. Ward then requested a hearing before an ALJ on October 4, 2017. Mr. Ward's hearing was scheduled for May 1, 2018. The SSA mailed Mr. Ward a Notice of Hearing on January 18, 2018, and he signed an Acknowledgement of Receipt, indicating his plan to appear at the hearing. The SSA mailed a second Notice of Hearing to Mr. Ward on February 9, 2018, and a Reminder Notice on April 4, 2018. (Doc. 6 at 2).

On May 1, 2018, the same day as the scheduled hearing, the ALJ dismissed Mr. Ward's request for a hearing "because he did not appear at the hearing and that no good cause had been established." (Doc. 6 at 3). Mr. Ward indicated that he planned to attend the hearing without counsel but missed the ALJ hearing because "[he] got confused on the date." Mr. Ward also pointed to his confusion caused by his generalized anxiety disorder to support this explanation. (Doc. 8-1).

Mr. Ward then filed an appeal to the Appeals Council without counsel and submitted medical records from January 2018 and a work status report from May 2018. (Doc. 8-1, 8-2 at

2). On July 3, 2018, the Appeals Council denied his request for review and determined the "additional evidence [did] not relate to the period at issue." (Doc. 8-2 at 2).[1]

On September 6, 2018, Mr. Ward filed this civil action in the United States District Court for the Northern District of Alabama seeking judicial review of the Commissioner's decision. (Doc. 1). The Commissioner's motion to dismiss for lack of jurisdiction followed. (Doc. 6).

**II. STANDARD OF REVIEW**

The Commissioner presents a factual attack on the court's subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Factual attacks "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings," and the court can consider matters outside the pleadings. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quotations omitted). Mr. Ward, as the party invoking the court's subject matter jurisdiction, bears the burden of establishing that jurisdiction exists. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). If the court determines that it lacks subject matter jurisdiction, the court must dismiss the claim. *See* Fed. R. Civ. P. 12(h)(3).

The authority for judicial review of a decision of the Commissioner of Social Security is set forth and limited by 42 U.S.C. § 405(g). A district court does not have subject matter jurisdiction over an appeal of the Commissioner's decision unless the party seeking review has exhausted his or her administrative remedies as set forth in the Social Security Act. *See* 42 U.S.C. § 405(g) and (h). Section 405(g) of the Social Security Act states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

---

[1] The SSA then notified Mr. Ward that he owed $8,160.00 as an overpayment of Supplemental Security Income because his disability benefits ended on April 19, 2017. As of July 11, 2018, this payment was past due. (Doc. 8-3).

3

42 U.S.C. § 405(g); *see also Bello v. Comm'r of Soc. Sec.*, 460 F. App'x 837, 839 (11th Cir. 2012) ("A district court's jurisdiction to review claims arising under the Social Security Act is limited by 42 U.S.C. § 405(g). . . .") (quoting 42 U.S.C. § 405(g)).

"The term 'final decision' is left undefined by the Act and its meaning is to be fleshed out by the Secretary's regulations." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). A claimant obtains the Commissioner's "final decision" after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an ALJ; and (4) Appeals Council review. *See* 20 C.F.R. § 404.900(a); *Schweiker v. Chilicky*, 487 U.S. 412, 424-25 (1988). The review by the Appeals Council is a "normal stage in the administrative review procedure, available as of right to any party dissatisfied with the hearing decision *or the dismissal of a hearing request*." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1237 (1983) (citing 20 C.F.R. § 404.967) (emphasis added).

The Appeals Council may deny a claimant's request or may review the case and decide the outcome. 20 C.F.R §404.981. If the Appeals Council denies the claimant's request for review, the ALJ decision is binding "unless [the claimant] files[s] an action in the Federal District court, or the decision is revised." *Id*. An Appeals Council review determination, "on whatever grounds, is perceived as the appropriate[ ] final decision from which to take an appeal to the district court under section 405(g)." *Bloodsworth*, 703 F.2d at 1237. The Appeals Council's decision, "whether it is a determination on the merits or a denial of a request to review, is binding and final" and appealable to the district court. *Id*.

## III. DISCUSSION

The Commissioner's assertion that this court lacks subject matter jurisdiction lacks merit. Mr. Ward exhausted his administrative remedies and received a "final decision" of the Commissioner regardless of whether he had an ALJ hearing on the merits.

The Commissioner argues that because Mr. Ward did not have a hearing before the ALJ this court cannot hear this appeal. That argument "makes linguistic but not legal sense." *See Bloodsworth*, 703 F.2d at 1239. Mr. Ward can seek no further administrative review within the Social Security Administration because he exhausted all his administrative remedies by seeking Appeals Council review. Yet, under the Commissioner's argument, Mr. Ward cannot seek judicial review in this court because he has no "final decision" because he has not exhausted his administrative remedies—specifically, he did not have a hearing before the ALJ. That argument lacks logic especially where the ALJ dismissed Mr. Ward's request for a hearing and the Appeals Council denied review of that decision.

The very issue on which Mr. Ward seeks judicial review in this court involves the Appeals Council's denial of the request to review the ALJ's dismissal of Mr. Ward's request for a hearing after he missed the first hearing. Under the Commissioner's own regulations, Appeals Council review is available as of right to any party dissatisfied with the *dismissal of a hearing request*. *See* 20 C.F.R. § 404.967. And the Eleventh Circuit has held that an Appeals Council's denial of a request for review on whatever ground is a "final decision" appealable to the district court. See *Bloodsworth*, 703 F.2d at 1237. If the court were to accept the Commissioner's argument and dismiss Mr. Ward's case, Mr. Ward would have no recourse in the district court even though he took the required steps within the SSA and has no avenue for further

administrative review. So the Commissioner's position that Mr. Ward has no "final decision" to appeal because he did not have a hearing does not pass muster.

The Supreme Court in *Smith v. Berryhill* recently addressed the issue of a district court's subject matter jurisdiction under 42 U.S.C. § 405(g). 139 S. Ct. 1765 (May 28, 2019). The Court in *Smith* held that the Appeals Council's dismissal of a claimant's *untimely* request for a review of an ALJ's merit decision after a hearing is a "final decision . . . made after a hearing" and subject to judicial review. *Id*. at 1774.[2] In finding that judicial review was proper, the Supreme Court reasoned that the language of the Social Security Act suggests that "Congress wanted more oversight by the courts in this context rather than less . . . and the statute as a whole is one that 'Congress designed to be "unusually protective" of claimants.'" *Id*. at 1776 (quoting *Bowen v. City of New York*, 476 U.S. 467, 480 (1986)). The Court in *Smith* also indicated that the claimant's "entitlement to judicial review is confirmed by the strong presumption that Congress intends judicial review of administrative action" and that "Congress has not suggested that it intended for the SSA to be the unreviewable arbiter of whether claimants have complied with [the SSA's] procedures." *Id*. at 1776-77 (internal quotations and citations omitted).

Although the claimant in *Smith* had a merits hearing before the ALJ, the Supreme Court in dicta discussed the "made after a hearing" requirement and indicated that "phrase has been the subject of some confusion over the years." The Court stated its "precedents make clear that an ALJ hearing [on the merits] is *not* an ironclad prerequisite for judicial review." *Id*. (citing *Bowen*, 476 U.S. at 484). The Court noted its precedent calls for an "'intensely practical'

---

[2] Interestingly, the Eleventh Circuit addressed this very issue in 1983 when it decided *Bloodsworth*, 703 F.2d 1233 and reached the same conclusion that the Supreme Court recently reached in *Smith*. The Eleventh Circuit's opinion over the years was not universally accepted by other Circuits, but the Supreme Court's decision in *Smith* abrogated cases in the Second, Third, Fourth, Fifth, Eighth, Ninth, and Tenth Circuits that had disagreed with the holding in *Bloodsworth*.

approach to the applicability of the exhaustion requirement and disapprov[es of a] 'mechanical application' of a set of factors." *Id.* (citing *Bowen*, 476 U.S. at 484). The Court specifically commented in a footnote that a "different question would be presented by a claimant . . . whose request for an ALJ hearing was dismissed as untimely and who then appealed that determination to the Appeals Council before seeking judicial review. While such a claimant would not have received a 'hearing' at all, the Court's precedents also make clear that a hearing is not always required." *Smith*, 139 S. Ct. at 1777 fn 17. But because that issue was not before the Court, it specifically stated "we do not address it." *Id*. Although dicta, the Supreme Court's comment in *Smith* support this court's finding that the Appeals Council's decision in this case was an appealable final decision despite the lack of an ALJ hearing on the merits.

District courts within the Eleventh Circuit have also held that the hearing requirement is not determinative of subject matter jurisdiction and, therefore, the absence of a hearing does not preclude judicial review. *See Robinette v.Comm'r of Soc. Sec.*, No. 6:16-cv-1241-Orl-41DCI, 2018 WL 3583839, at *2 (M.D. Fla. Jul. 26, 2018) (finding that the court had subject matter jurisdiction over a case because the plaintiff received a final decision from the Commissioner once the plaintiff sought, and the Appeals Council declined, review of the ALJ's order dismissing his request for a hearing); *Pizarro v. Comm'r of Soc. Sec.*, No. 6:12-cv-801-Orl-37DAB, 2013 WL 869389 (M.D. Fla. Jan. 24, 2013) (finding that the court had jurisdiction to review the plaintiff's social security disability appeal, despite the lack of a "final decision… after a hearing" and the failure to exhaust administrative remedies); *see also Brown v. Astrue*, No. 1:10-CV-839-JEC-LTW, 2011 WL 13319127 (N.D. Ga. May, 25, 2011) (holding that the court had jurisdiction to review the ALJ's decision to dismiss the plaintiff's request for a hearing). All of these decisions support the court's exercise of subject matter jurisdiction to hear this appeal.

The Commissioner argues that the Eleventh Circuit's decision in *Cash v. Barnhart* instructs that this court has no subject matter jurisdiction to decide this appeal. 327 F.3d 1252 (2003). This court disagrees. In *Cash*, the claimant filed her initial application in 1996, but she failed to request a hearing before an ALJ after her application was denied initially and on reconsideration. She also did not appeal the denial of her first application in any way. Then, the claimant in *Cash* filed a second application for disability benefits in 1999, again alleging the same disability onset date as in her first application. *Cash*, 327 F.3d at 1254.

After the denial of her second application both initially and on reconsideration, the claimant in *Cash* requested a hearing before an ALJ. The ALJ construed Cash's second application as a motion to reopen her fist claim and expressly denied that request on the basis of res judicata because the claimant's request involved "the rights of the same claimant on the same facts and on the same issues which were decided in the final and binding determination . . . made on the [first] application." *Id*. at 1254.

The Eleventh Circuit held in *Cash* that because the Commissioner did not reopen the final decision on the first application, the district court had no jurisdiction under § 405(g) to decide the appeal. The court in *Cash* cited 20 C.F.R. § 404.957(c)(1) that provides that the "Commissioner may dismiss a hearing request and decline to issue a 'final decision' if the doctrine of res judicata applies [because] the Commissioner has made a previous decision about the claimant's rights on the same facts and the same issues, and this previous determination has become final." *Cash*, 327 F.3d at 1255. Because the Commissioner specifically denied the request to reopen the first application, the court in Cash found that no "final decision" existed upon which the claimant could seek judicial review under § 405(g). The factual scenario in *Cash* in no way applies in the present case and its holding has no bearing on this court's decision in this case.

The Appeals Council in this case rendered its final decision when it denied Mr. Ward's request for review of the ALJ's decision to dismiss his request for a hearing. So Mr. Ward can appeal that decision to the court regardless of whether Mr. Ward had a merits hearing before the ALJ. Consequently, the court has subject matter jurisdiction over this case under 42 U.S.C. § 405(g).

**IV. CONCLUSION**

For the reasons discussed above, the court DENIES the Commissioner's motion to dismiss. (Doc.6). This appeal will proceed with the issues of whether the ALJ erred in finding no good cause and dismissing the request for an ALJ hearing and whether the Appeals Council erred in denying his request for review of the ALJ's decision.

DONE and ORDERED this 24th day of October, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE